### 8779

### MUCKENFUSS *ET AL.* v. ATLANTA & C. A. L. RY. CO.

#### (80 S. E. 460.)

##### Railroads. Fires. Pleading.

The refusal of a motion to require complaint to be made more definite and certain so as to state from what engine or engines the sparks of fire escaped, or whether it was from a freight or passenger train, the direction in which it was going, also what officer or agent of defendant knew or consented to the placing of the property which was destroyed upon its right of way, and when such consent was given, and the particular items of the property destroyed and the value of each item, was not an abuse of discretion on part of the trial Court.

Before MEMMINGER, J., Spartanburg, March, 1913. Appeal dismissed.

Action by S. V. Muckenfuss and another, copartners doing business under the firm name of the Muckenfuss Manufacturing Company and certain insurance companies, against Atlanta and Charlotte Air Line Railway Company and Southern Railway Company, on two causes of action, one under the statute, 1 Code of Laws, 1912, sec. 3226, to recover damages for the loss of property belonging to the plaintiffs, Muckenfuss Manufacturing Company, by fire, which it is alleged escaped from one of the engines

of the defendants, which property it was alleged was lawfully on the right of way of the defendants, by and with their knowledge and consent. The other cause of action was at common law to recover damages for the destruction of the same property on account of the negligence of the defendants in failing to use proper appliances to prevent the emission of sparks from their locomotive engines.

The third paragraph of the statutory cause of action alleged:

"3. That in the year —— the Muckenfuss Manufacturing Company, with the knowledge and consent of the defendants, built and constructed a large and commodious broom factory partly on the right of way of said defendants, in the city of Spartanburg, in the State aforesaid, purchasing and installing the necessary machinery for the large factory, which they operated as such until the 17th day of November, 1909, at which time, while said factory was full of machinery and supplies of a costly character, and lawfully located on the right of way of said defendants, a fire was communicated by and from the defendants' locomotive engines on said railroad to said property, in consequence of the acts of some of the said defendants' authorized agents or employees, and totally destroyed the same, and the loss and damage sustained by the said Muckenfuss Manufacturing Company was to the amount of $19,900.28, to wit: the sum of $4,160.70 on said building, the sum of $2,292.00, the value of the machinery, and the sum of $13,448.08, the value of its stock on hand, and other contents, for which said defendants are responsible and liable to the said plaintiffs, under the provision of sec. 2135, vol. I, of the Code of 1902, or sec. 3226 of vol. I of the Civil Code of 1912."

The third paragraph of the common law cause of action alleged:

"3. That in the year —— the said Muckenfuss Manufacturing Company, with the knowledge and consent of the

defendants, built and constructed a large and commodious broom factory partly on the right of way of said defendants in the city of Spartanburg, county and State aforesaid, purchasing and installing the necessary machinery for the large factory, which it operated as such until the 17th day of November, 1909, when the defendant corporations by their agents, servants or employees, jointly and concurrently, carelessly and negligently omitted to use proper appliances to prevent the emission of sparks from the locomotive engines used in operating said roads and in running said engines over said road, and to keep the fire boxes and ash pans in proper condition, and in jointly and concurrently and negligently permitting and causing said locomotives to emit and let out sparks of fire, which fell upon said property and ignited and spread over the same and burned and totally destroyed the same, and the loss and damage sustained by the said Muckenfuss Manufacturing Company was to the amount of nineteen thousand nine hundred and 28-100 ($19,900.28) dollars, to wit: the sum of four thousand one hundred sixty and 70-100 ($4,160.70) dollars on said building, the sum of two thousand two hundred ninety-two ($2,292) dollars, the value of the machinery, and the sum of thirteen thousand four hundred forty-eight and 08-100 ($13,448.08) dollars, the value of its stock on hand, and other contents."

The defendants moved for an order requiring the complaint to be made more definite and certain in the following particulars:

1st. By alleging in the third paragraph of the first cause of action and in the third paragraph of the second cause of action what engine or engines sparks of fire escaped, or emitted from, or at least by stating whether it was a freight or passenger train, the direction in which it was going and at or about what hour the sparks escaped from said engine.

2d. By alleging and stating in the third paragraph of the first cause of action, and also in the third paragraph of the second cause of action what officer or agent of the defendant company knew or consented to the placing of the property upon its right of way which it is alleged was destroyed by fire escaping from the engine of the defendant, and stating when such consent was given.

3d. By alleging particularly and giving the particular items of property wnich was destroyed by fire and when the same was placed upon the right of way and what officer or agent of the defendants consented to its being so placed, and when such consent was given.

4th. By alleging and stating which particular piece of machinery which it is alleged was destroyed by fire, when the same was placed upon the right of way, and also by giving the items constituting the stock on hand and other contents which it is alleged was destroyed by fire, giving the value of each item and when the same was placed upon the right of way of the defendants.

The trial Judge required the third paragraph of each cause of action to be made more definite, by alleging, within six hours, reasonable limits, the time when the sparks escaped; and refused the motion in all other respects. From this refusal the defendants appeal.

*Messrs. Sanders & DePass* and *B. L. Abney,* for the appellant, cite: *Discretion must be governed by rule:* 47 S. C. 498; 15 S. C. 328; 60 S. C. 140; 68 S. C. 37; 94 S. C. 17.

*Messrs. John T. Seibels* and *Stanyarne Wilson,* for respondents, cite: *Motion properly refused:* 79 S. C. 469; 81 S. C. 355; 65 S. C. 224; 66 S. C. 17; 91 S. C. 424.

April 2, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This appeal is from an order of the Circuit Judge refusing a motion to require the complaint to be made more definite and certain in the particulars mentioned in the notice of motion.

The authorities cited in the brief of the respondents' attorneys fully sustain the ruling of the Circuit Court.

Appeal dismissed.